## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 02 2018, 9:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alex Beeman
Beeman Law
Anderson, Indiana

APPELLEE PRO SE

Gregg Roberts
Sheridan, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Makayla L. Pickett,<br>*Appellant,*<br><br>v.<br><br>Gregg Roberts,<br>*Appellee.* | March 2, 2018<br><br>Court of Appeals Case No.<br>29A04-1706-JP-1489<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable William J. Hughes,<br>Judge<br><br>The Honorable David Najjar,<br>Magistrate<br><br>Trial Court Cause No.<br>29D03-9504-JP-366 |

**Barnes, Judge.**

# Case Summary

Makayla Lauren Pickett appeals the trial court's denial of her motion to reduce to a judgment amounts owed by Gregg Roberts ("Father") for college expenses and the trial court's denial of her motion to correct error. We reverse and remand.

# Issue

Pickett raises one issue, which we restate as whether the trial court properly found that she failed to demonstrate the amount of college expenses owed by Father.

# Facts

Makayla was born in 1995 to Father and Shonda Pickett ("Mother"). In December 2014, the trial court ordered the following regarding payment of Makayla's college expenses:

> 7. Prior to the child reaching her 19th birthday, [Mother] requested that the Court allocate college expenses between the parties.

> 8. The Court finds that the child has been enrolled at Butler University and has obtained significant financial aid in paying for her own college expenses, through scholarships, grants, and other sources of funding. The balance of such expenses is currently being paid by [Mother] through a loan. [Mother] has requested that [Father] be responsible for a portion of the college expenses not covered by Makayla's scholarships, grants and other financial aid.

9. The Court finds that Makayla should be responsible for at least one-third of her own college expenses, and that her share may be satisfied by any scholarships, grants, work-study, or any other "free" money available to her. If the financial aid (not including any loans) available to her exceeds her one-third portion of the total college expenses, such funding shall be used to reduce the total balance of her college expenses before allocation of expenses to the parties.

10. The parties shall be responsible in equal shares for the balance of Makayla's college expenses, up to two-thirds of the total college expenses. After the application of Makayla's portion and any financial aid over and above Makayla's portion of expenses, the parties shall each be responsible for 50% of the balance of the expenses. Total college expenses shall be defined as expenses relating to tuition, room and board, books, and any and all necessary fees.

Appellant's App. Vol. II p. 11.

[4] Father appealed the trial court's order. On appeal, we affirmed the trial court's decision to require Father to pay half of the remaining balance of Makayla's college expenses. *In re Paternity of Pickett*, 44 N.E.3d 756, 767 (Ind. Ct. App. 2015). However, we also concluded that "the trial court's decision to order Father to contribute to Child's college expenses based on the cost of a private university rather than a public university is against the logic and effect of the circumstances before it." *Id.* at 768. Consequently, we remanded to the trial court with instructions to recalculate Father's expenses based on the costs of a public university. *Id.*

[5]     On remand, the trial court ordered the following in December 2015:

> 1. Paragraph 10 of the December 5, 2014 [order] is amended as follows:
>
>    10. The parties shall be responsible in equal shares for the balance of Makayla's college expenses, up to two-thirds of the total college expenses as calculated and limited below. After the application of Makayla's portion and any financial aid over and above Makayla's portion of expenses, the parties shall each be responsible for 50% of the balance of the expenses. However, neither party is liable for college expenses of more than $7,400, which is approximately one-third the cost of an Indiana public university.
>
> 2. Neither party is responsible for any of Makalya's college expenses incurred prior to February 18, 2014.
>
> 3. The parties are liable, however, for Makayla's college expenses incurred on and after February 18, 2014 as set forth in Paragraph 10.
>
> 4. As to the college expenses incurred by Makayla her freshman year at Butler University, each party is responsible for $4,016.75, the prorated amount of college expenses incurred on and after February 18, 2014.
>
> 5. Parties shall pay all college expenses by May 5 of the relevant academic calendar year.

*Id.* at 13-14.

[6]     In August 2016, Makayla filed a verified motion for contempt. In the motion, Makayla alleged that Father had paid the $4,016.75 toward a prorated portion of her freshman year at Butler University but that he had failed to pay any

amount for her sophomore or junior years. She alleged that he was obligated to pay $7,400.00 for both the sophomore and junior years. After a hearing, the trial court denied Makayla's motion.

[7] In January 2017, Makayla filed another verified motion for contempt. In the motion, she alleged that she had finished her senior year at Butler University and that Father still had not paid any college expenses toward her sophomore or junior years. Makayla also filed a motion to reduce to judgment, requesting a judgment against Father for $14,800. After a hearing, the trial court issued the following order:

> 1. Makayla has completed her college education. As a result, [Father's] obligation to pay a portion of such expenses has expired and the Court cannot compel [Father] to comply with such orders at this time. Therefore, the Court finds that a contempt petition is inappropriate at this time. The Child's Verified Motion for Contempt is therefore denied.

> 2. The Court has reviewed the evidence and testimony presented at the hearing on April 25, 2017 as well as the hearing on November 1, 2016. While the Court finds that it is likely that [Father] is and was obligated to pay a portion of the Child's college education expenses, the Court cannot find that the Child has presented sufficient evidence for the Court to determine what that amount is. The Court would note that [Father] presented as evidence copies of bursar statements from Butler University. These statements contain information regarding expenses and credits for scholarships and grants and have varying amounts listed as a balance due. The Court, from these documents, cannot determine what the total amount due would be, or the source of all the credits and payments

made. Additionally, [Father] has submitted his letters to counsel regarding his dispute over the figures and making demands that he is entitled to certain credits. The Court cannot follow his logic and has no evidence to support his claims for credits.

3. The Court wishes to clarify that this order does not relieve [Father] of the obligation to pay a portion of the Child's college expenses as previously ordered. That order remains as the law of this case. The Hearing held on April 25, 2017 was to determine if [Father] was in contempt for failing to pay for the portion of the Child's college expenses that he was obligated to pay, or to enter a judgment against [Father] for the amounts due. On these questions, the Child has failed to sustain her burden of proof and the Court now denies her motions.

*Id.* at 22-23.

[8]     Makayla filed a motion to correct error arguing that she met her burden of showing the amount that Father owed. According to Makayla, "the cost of Butler is so high each year, that even after Makayla's financial aid and scholarships, the $7,400 'public university' cap is reached." *Id.* at 26. The trial court denied the motion. Makayla now appeals.

## Analysis

[9]     On appeal, Makayla argues that the trial court erred by denying her motion to reduce to a judgment and motion to correct error. Makayla does not appeal the denial of her motion for contempt.

[10]     Where a trial court enters findings sua sponte, the specific findings of fact control only as to the issues they cover, while a general judgment standard applies to any issue upon which the trial court has made no findings. *Hays v. Wise*, 19 N.E.3d 358, 362 (Ind. Ct. App. 2014). In reviewing the judgment, we must determine whether the evidence supports the findings and whether the findings, in turn, support the conclusion and judgment. *Id.* We will reverse a judgment only when it is shown to be clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions entered on the findings. *Id.* In order to determine that a finding or conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made. *Id.* In determining the validity of the findings or judgment, we consider only the evidence favorable to the judgment and all reasonable inferences to be drawn therefrom, and we will not reweigh the evidence or assess the credibility of witnesses. *Id.*

[11]     On appeal, Makayla argues that she presented sufficient evidence for the trial court to reduce the amounts owed by Father to a judgment. It is undisputed that Father has entirely failed to pay Makayla's college expenses for her sophomore and junior year. Under the trial court's orders and this court's opinion in *Pickett*, Father was required to make such payments. The only issue here is whether Makayla presented sufficient evidence to demonstrate how much Father owed.

[12]     Makayla testified that her sophomore year "tuition" was $49,500 and that $22,000 was owed after financial aid and scholarships. Appellant's App. Vol. II

p. 8. As for her junior year, she testified that "tuition" was $49,500 and that $20,000 was owed after financial aid and scholarships. *Id.* She claimed that Father owed $7,400 for each year for a total of $14,800. Makayla concedes that she "did not present evidence of the specific amounts that [Father] would be liable, however, the specific amount is not relevant as long as that amount is over $14,800." Appellant's Br. p. 12.

[13] In response, Father makes several arguments and, like the trial court, we have difficulty "follow[ing] his logic." Appellant's App. Vol. II p. 23. Father argues that he is entitled to a credit because he overpaid Makayla's college expenses for her freshman year when he paid $4,016.75. He paid that amount pursuant to a December 2015 trial court order, which he did not appeal. Father cannot now challenge that payment amount. *See Holman v. Holman*, 472 N.E.2d 1279, 1287 n.9 (Ind. Ct. App. 1985) (concluding that the husband waived any error in the trial court's order that he pay the cost of his daughter's parochial school education because he failed to appeal from the original decree).

[14] Father seems to argue that Makayla's testimony is incorrect because she did not live on campus during the entire time period. We note that the trial court's orders require Father to pay his portion of not just tuition, but also room and

board. There is no requirement that the room and board be provided only by the university and be listed on the university bills.[1]

[15] Finally, Father also seems to argue that, in order to calculate the amount he owes, Makayla's financial aid should be subtracted from the amount she would have owed at a public school. There is no evidence that Makayla's grants and scholarships would have been available at a school other than Butler University. For example, one of the grants was a "Butler Grant." Ex. p. 36. Further, this argument does not follow the trial court's December 2015 order, which Father did not appeal.

[16] The trial court's December 2015 order explained how Father's college expense obligation would be calculated as follows:

> The parties shall be responsible in equal shares for the balance of Makayla's college expenses, up to two-thirds of the total college expenses as calculated and limited below. After the application of Makayla's portion and any financial aid over and above Makayla's portion of expenses, the parties shall each be responsible for 50% of the balance of the expenses. However, neither party is liable for college expenses of more than $7,400, which is approximately one-third the cost of an Indiana public university.

Appellant's App. Vol. II p. 13.

---

[1] Father also appears to argue that Makayla did not include all of her financial aid in her calculations. However, Father has waived this contention by failing to make a cogent argument. *See* Ind. Appellate Rule 46.

[17] Consequently, from Makayla's testimony, the amount of college expenses due after application of her financial aid, was $22,000 for her sophomore year and $20,000 for her junior year. Makayla more than covered her one-third of the expenses through financial aid. Half of the remaining college expenses would be $11,000 for her sophomore year and $10,000 for her junior year. However, the maximum amount of college expenses that Father could be liable for in a year was $7,400. Under Makayla's calculations, Father owed $7,400 per year, or $14,800.

[18] Father disputed those calculations and presented account summaries from Butler University. By our analysis, based on those account summaries, Father's share of the college expenses would have been approximately half of $23,000 for Makayla's sophomore year and approximately half of $19,500 for her junior year. Those amounts exceeded the cap of $7,400 per year pursuant to the trial court's order. Consequently, even under the documents presented by Father, he would have owed $7,400 per year for those two years.

[19] Although it would have been preferable for Makayla to introduce her exact expenses, we conclude that she did present sufficient evidence to demonstrate the amount owed by Father. We reverse and remand for the trial court to enter a judgment against Father in the amount of $14,800.

# Conclusion

[20] The trial court erred by denying Makayla's motion to reduce amounts owed by Father to a judgment. We reverse and remand for the entry of a judgment against Father for $14,800.

[21] Reversed and remanded.

Najam, J, and Mathias, J., concur.